# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

ELTON KEITH McCOMMON,

    Plaintiff,

VS.                                            No. 16-1211-JDT-cgc

CYNTHIA CROOM, ET AL.,

    Defendants.

## ORDER GRANTING PLAINTIFF'S REQUEST FOR JURY DEMAND, GRANTING DEFENDANTS' MOTION TO QUASH AND GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY

The *pro se* prisoner Plaintiff, Elton Keith McCommon, who is currently incarcerated at the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, filed this action pursuant to 42 U.S.C. § 1983 on July 20, 2016. (ECF No. 1.) The Court issued an order on February 22, 2018, dismissing portions of the amended complaint and directing that process be served on Defendants Cynthia Croom, Michael Banks and Cedric Tyus. (ECF No. 21.) Defendants filed an answer to the amended complaint on April 19, 2018. (ECF No. 29.)

Neither Plaintiff's original complaint nor his amended complaint included a demand for a jury trial in this case, but he did file a separate jury demand on August 29, 2018. (ECF No. 32.) Pursuant to Federal Rule of Civil Procedure 38(b)(1), a jury demand must be

made within fourteen days after service of the last pleading. Plaintiff's demand, filed almost four months after service of Defendants' answer, was untimely. The failure to make a proper and timely demand constitutes a waiver of the right to a jury trial. *See* Fed. R. Civ. P. 38(d). However, notwithstanding the failure of a party to properly demand a jury, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). The Court construes Plaintiff's untimely jury demand as a motion pursuant to Rule 39(b).

A district court has broad discretion is ruling on a motion under Rule 39(b). *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 207 (6th Cir. 1990); *Kitchen v. Chippewa Valley Sch.*, 825 F.2d 1004, 1013 (6th Cir. 1987). In *Kitchen*, the Sixth Circuit stated, "[t]he court's discretion should be exercised in favor of granting a jury trial in the absence of strong and compelling reasons to the contrary." 825 F.2d at 1013 (citations and internal quotation marks omitted). *See also Moody*, 915 F.2d at 207 (citing *Kitchen*).

In this case, the Defendants have filed no objection to the jury demand. Therefore, in the absence of any objection or claim of prejudice, the Court finds no compelling reasons to deny the request. Therefore, Plaintiff's motion for a jury demand is GRANTED.

On September 4, 2018, Plaintiff filed a form subpoena and a document designated as a subpoena duces tecum, both directed to the Administrator of the Haywood County Jail. (ECF No. 33-1.) The subpoena duces tecum purports to require the Jail Administrator to appear for a deposition on September 10, 2018, at 10:00 a.m. before a person by the name

of Chase Beene in San Mateo, California,[1] and to bring to the deposition a copy of any video recordings of D-pod for the time period June 23, 2016 to June 25, 2016. (*Id.* at 1-2.) Similarly, the subpoena commands the Jail Administrator to appear and give testimony and to produce the D-pod video on December 21, 2018, at 9:00 a.m. (*Id.* at 4.) While no place for the testimony is provided in that document, the address given is for Plaintiff at the MCCX "in care of" Chase Beene in San Mateo, California. (*Id.*)

It is unclear whether Plaintiff's filing of these subpoenas was an attempt to serve them on the Jail Administrator or whether it was meant only as a request for the Clerk to issue the subpoenas and return them to him for service.[2] In any event, Defendants filed a motion to quash the subpoenas on September 7, 2018. (ECF No. 36.) Plaintiff has not responded to that motion.

If the subpoenas were meant as an attempt to serve the Jail Administrator, that attempt was invalid. First, the subpoenas have not been issued and signed by the Clerk or by an attorney authorized to practice in this Court. *See* Fed. R. Civ. P. 45(a)(3). Second, as a party in this case, Plaintiff may not serve his own subpoenas. *See* Fed. R. Civ. P. 45(b)(1) ("Any person who is at least 18 years old and not a party may serve a subpoena.").

---

[1] Plaintiff's documents specify the address as 1630 S. Delaware St., Unit-5344, in "San Mitaeo", California, but there does not appear to be any such city. An internet search for that street address in San Mateo indicates that it is a U.S. Post Office facility. *See* https://tools.usps.com. Therefore, the address provided may actually be only a post office box.

[2] Rule 45(3) states that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Plaintiff is advised that merely submitting an unsigned subpoena, without more, is not a clear request for the Clerk to sign and issue that subpoena. He must specifically make that request.

Third, a subpoena must be served by "delivering a copy to the named person and, if the subpoena requires attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." *Id.* "Delivery" means *personal* service on the party commanded to appear, not service on the attorneys in the action or service by mail.

Even if the subpoenas had been properly served, they would be invalid because they request the Jail Administrator to comply beyond the geographical limit in Rule 45(c), which provides that a person may be commanded to appear and/or produce documents only at a place "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A); *see also* Fed. R. Civ. P. 45(c)(2)(A). Furthermore, Chase Beene is not a party in this case and has not filed a notice of appearance as an attorney; therefore, Beene is not entitled to take the deposition of any person on Plaintiff's behalf. *See* Fed. R. Civ. P. 30 ("A *party* may, by oral questions, depose any person . . . .").

For all of these reasons, Defendants' motion to quash the subpoenas is GRANTED.

Also on September 7, 2018, the Defendants filed a motion to compel discovery. (ECF No. 34.) Plaintiff has failed to respond to that motion as well. Defendants state in the motion that Plaintiff's initial answers to their First Set of Interrogatories and Requests for Production of Documents, received on May 16, 2018, were not fully responsive to those requests. After Plaintiff was notified of the deficiencies via a letter from Defendants' counsel, he served supplemental responses which were received on June 4, 2018. However, counsel also deemed the supplemental responses insufficient. Although counsel

sent two additional letters to Plaintiff requesting that he fully answer the discovery requests, no further response was forthcoming.

After reviewing Defendants' discovery requests and both Plaintiff's initial and supplemental responses, the Court finds Defendants' motion is well taken. Therefore, the motion to compel is GRANTED. Plaintiff is hereby ORDERED to serve full and complete responses to Defendants' First Set of Interrogatories and Requests for Production of Documents within fourteen (14) days after the date of this order.

Defendants shall promptly notify the Court if Plaintiff fails to comply with this order in a timely manner. Plaintiff is warned that failure to comply will result in the imposition of appropriate sanctions as specified in Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vii), which could include the dismissal of this action. The Court may also require Plaintiff to pay the reasonable expenses incurred by the Defendants in filing the motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A); *see also* Fed. R. Civ. P. 37(b)(2)(C).
IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE