UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ELTON KEITH McCOMMON, | ) |
| Plaintiff, | ) |
| VS. | ) No. 16-1211-JDT-cgc |
| CYNTHIA CROOM, ET AL., | ) |
| Defendants. | ) |

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER
AND
AWARDING DEFENDANTS' EXPENSES PURSUANT TO FED. R. CIV. P. 37(b)

The Court dismissed this case as a sanction for Plaintiff Elton Keith McCommon's failure to comply with an order compelling discovery and entered judgment. (ECF Nos. 46 & 47.) McCommon has filed a motion to reconsider and vacate the order of dismissal. (ECF No. 49.) Defendants filed a response to the motion. (ECF No. 50.) Construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), the motion is untimely.[1] Therefore, the Court will construe McCommon's motion as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b).

---

[1] A motion to alter or amend under Rule 59(e) must be filed no later than 28 days after entry of the judgment. The judgment in this case was entered on November 30, 2018. (ECF No. 47.) Though McCommon, a prisoner acting *pro se*, signed the motion to reconsider on December 28, 2018, (ECF No. 49 at PageID 271), he actually placed it in the prison mail system on December 31, 2018. (ECF No. 49-1 at PageID 272.) Therefore, under *Houston v. Lack*, 487 U.S. 266 (1988), the Court deems the motion filed on December 31, 2018.

Pursuant to Rule 60(b), the Court is authorized to grant relief "from a final judgment, order, or proceeding" for any of these reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). "The parties may not use a Rule 60(b) motion as a substitute for an appeal." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

In this case, McCommon argues the Court erred in finding dismissal was appropriate due to his insufficiently complete discovery responses. Such claims of legal error are properly considered under Rule 60(b)(1) as a type of mistake. *See Braggs v. Perez*, 42 F. App'x 678, 680 (6th Cir. 2002); *Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985).

McCommon asserts the discovery responses he provided were complete to the best of his ability and that the case was dismissed on a technicality. Though McCommon's

discovery responses were, in fact, deficient, the case was not dismissed for that reason alone. As noted in the order of dismissal, McCommon failed to file any response to Defendants' motion to compel, failed to comply or respond in any way to the order compelling discovery, and then also failed to file any response whatsoever to Defendants' motion to dismiss. The Court reasonably concluded McCommon had no intention of cooperating further in the discovery process and that dismissal of the action was warranted. Nothing in the motion persuades the Court its ruling was erroneous. The motion for reconsideration is DENIED.

Federal Rule of Civil Procedure 37(b)(2)(C) provides, "[i]nstead of or in addition to" an order sanctioning a party for disobeying a discovery order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." In the order of dismissal, the Court directed Defendants to file an affidavit of counsel with a statement of expenses incurred as a result of McCommon's failure to provide discovery. (ECF No. 46 at PageID 259.) That documentation shows counsel expended 4.3 hours drafting the motion to compel discovery and motion to dismiss. (ECF No. 48 at PageID 264; ECF No. 48-1 at PageID 268.) At a rate of $125 per hour, Defendants thus incurred $537.50 in attorney fees. McCommon has not objected to counsel's affidavit.

The Court finds the amount of time expended by counsel and the hourly fee rate requested are reasonable. The Court further finds no circumstances in this case making an award of expenses unjust. Therefore, McCommon shall pay to the Defendants the amount

of $537.50 for their reasonable attorney fees incurred in filing the motion to compel and motion to dismiss.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE